(24 Misc. Rep. 502.)

### DOANE v. MERCANTILE TRUST CO. et al.

(Supreme Court, Special Term, Kings County. September, 1898.)

1. WILLS—CONSTRUCTION—INTESTACY.
    Testator devised a life estate to his wife and daughter, his only next of kin, with remainder to their issue, providing that without such issue it was to be disposed of by a codicil thereafter to be made. The codicil was never made, and the wife and daughter died without issue, after testator's demise. *Held*, that on testator's death the reversion went to the wife and daughter as next of kin, under the statute of distribution.

2. PARTITION—COMPLAINT—SUFFICIENCY.
    A complaint in partition must show the parties in actual or constructive possession, either as tenants in common or as joint tenants.

Action by Eugene Gordon Doane against the Mercantile Trust Company and others for partition. Heard on demurrer to the complaint. Sustained.

Cudlipp & Glover (J. Henry Work, of counsel), for plaintiff.
Alexander & Green, for defendant Mercantile Trust Co.

HIRSCHBERG, J. I do not think the complaint sets forth facts sufficient to support an action for the partition of the property described among the parties to the action other than the defendant the Mercantile Trust Company. This seems to be the sole object of the action, and, while it is asserted that the plaintiff and the defendants other than said company are "seised" of the property, there is no allegation from which possession, actual or constructive, may be inferred, no claim is made that the parties hold as joint tenants or as tenants in common, and facts are set up which show that the real owners are the undisclosed devisees or legatees named in the will of Mary Agnes Gordon of which the trust company is the executor and trustee. The complaint alleges that one George P. Gordon died January 27, 1878, seised in fee simple of the property in question; that he left a will, a copy of which is annexed to and forms a part of the complaint; that his daughter died in May, 1890, and his wife in December of that year, both without issue; and that the plaintiff and the defendants other than the Mercantile Trust Company are "seised" of the property. The complaint contains no other material allegations whatever excepting the intervention of the Mercantile Trust Company as a defendant, as executor of and trustee under the last will and testament of Mary Agnes Gordon, deceased, which intervention was effected by order of the

court on the application of the company. By the will of George P. Gordon annexed to the complaint, it appears that his executors therein named were directed to sell and convey his real estate as soon after his decease as the same can properly be disposed of, and, after the payment of certain legacies, the residue of his estate is given to the executors in trust to pay to the testator's wife and daughter equally all the interest during life, and at the death of either to pay her share of the "sum or trust fund" to her lawful issue when at the age of 21 years, but that, failing such lawful issue, then the trust fund is to be disposed of according to the terms of a codicil which the testator designs soon to make to his will.

In the briefs presented, the plaintiff claims his interest and the interest of the defendants other than the trust company as the next of kin of George P. Gordon at the time of the death of his wife and daughter, in 1890. There is no allegation, however, from which such kinship can be inferred; but, even if there were, I am of opinion that it would not help the plaintiff's case. In the absence of a codicil disposing of the remainder after the termination of the life estates, the testator must be held to have died intestate as to such remainder; and, regarded as personal property, the real estate described in the complaint passed immediately to the life tenants, as the testator's widow and next of kin. The complaint therefore shows the sole present ownership to be in the defendant the Mercantile Trust Company, as executor.

It is only necessary to cite a few of the decisions in support of this view: Simonson v. Waller, 9 App. Div. 503, 41 N. Y. Supp. 662; Tompkins v. Verplanck, 10 App. Div. 572, 42 N. Y. Supp. 412; Clark v. Cammann, 14 App. Div. 127, 43 N. Y. Supp. 575; Van Nostrand v. Marvin, 16 App. Div. 28, 44 N. Y. Supp. 679; Brown v. Richter, 25 App. Div. 239, 49 N. Y. Supp. 368. The plaintiff relies on the cases of which Delaney v. McCormack, 88 N. Y. 174, and In re Baer, 147 N. Y. 348, 41 N. E. 702, are examples, in support of his proposition that the next of kin are to be determined at the termination of the life estates. But, as is pointed out in Tompkins v. Verplanck, supra, in these cases the estate passes wholly by virtue of the will as a devise or bequest, and not by virtue of the statutes of descent or distribution. In this case the estate is not disposed of by the will at all. The testator did, indeed, intend to dispose of it by codicil, but apparently changed his mind, preferring that the estate should pass to his next of kin by virtue of the statute of distribution. Nor is there any "incongruity," as claimed by the plaintiff, in the idea that the life tenant or recipient of income should be one of the class in whom a reversionary interest should vest. The alleged incongruous condition arises from the fact that the two interests which unite in the same person are created in different ways,—one by will, and the other by law. If there be an incongruity, it is the necessary result of the testator's act. Nor can the case be disposed of on the assumption that it was the testator's intention that his wife and child should take only a life estate. That is all they do take under the will. The situation is practically the same as would arise should a testator, possessed of two specific

pieces of property, devise one of them to his heirs, stating in the will that he intended to dispose of the remaining piece by codicil. On failure to execute a codicil, the remaining property would descend to the heirs.    They would take it, as in this case, not because he intended to give it to them, but because he did not in fact give it to any one else.    But the presumption is that he did intend that his estate should be disposed of as it is disposed of by his will and the law of the state.    It follows that the defendant should have judgment on the demurrer, with costs.

Judgment for defendant, with costs.